IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON TAYLOR CLARK,

    Petitioner,                               No. CIV S-04-2656 LKK CMK P

   vs.

TOM CAREY, Warden

    Respondent.                         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 14, 2006, respondent filed a motion to dismiss petitioner's application on the grounds that it was filed beyond the one-year statue of limitations contained in 28 U.S.C. § 2244(d)(1) and (2) and on the grounds that it contains unexhausted claims.

    I.      Statute of Limitations

        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period

///

///

1  applies to all federal petitions filed after the effective date of AEDPA.  As this petition was filed
2  on December 12, 2004, AEDPA's statute of limitations applies.  Untimely petitions are barred
3  from federal review.  See 28 U.S.C. § 2244(d).
4          Generally, a state prisoner challenging his custody has one year to file his federal
5  petition from the date on which his conviction became final by the conclusion of direct review,
6  or the expiration of the time for seeking such review. See  28 U.S.C. § 2244(d)(1)(A).
7  Calculating the timeliness of the federal petition requires more than simply looking at the date of
8  the final state court judgment and the date the federal petition was filed.  That is because the
9  proper filing of a state habeas petition application concerning the pertinent conviction tolls the
10 one-year limitations period.  See 28 U.S.C. § 2244(d)(2).
11         AEDPA's one year statute of limitations provision is subject to equitable tolling.
12 See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled
13 in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir.
14 1998)(en banc).  In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary
15 circumstances beyond the prisoners control that (2) made it impossible to file a petition on time.
16 Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Equitable tolling is "unavailable in
17 most cases."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Indeed, "the threshold
18 necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda
19 v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  This high bar is necessary to effectuate the
20 "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect
21  the federal system from being forced to hear stale claims."  See Guillory v. Roe, 329 F.3d 1015,
22 1018 (9th Cir. 2003).   The burden of demonstrating grounds for equitable tolling rests with the
23 prisoner.  See id.
24 ///
25 ///
26 ///

II. Discussion

Petitioner was convicted of assault with a firearm and terrorist threats on November 16, 2001 and sentenced to a determinate state prison sentence of seven years. On January 21, 2003, the Third District Court of Appeal entered judgment affirming petitioner's conviction. (Resp. Lodged Doc. 2.) The state appeal process became final within the meaning of § 2244 (d)(1)(A) on March 2, 2003, when the time for filing a petition for review of the Court of Appeal's judgment expired. See Cal. Rules of Court, Rules 24(a), 28(b), and 45(a); Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). The one-year limitations period began to run on March 3, 2003. See 28 U.S.C. § 2244(d)(1)(A). Therefore, petitioner's deadline for filing a federal petition was March 2, 2004, plus any tolling for a properly filed state habeas application. See 28 U.S.C. § 2244(d)(2).

Petitioner subsequently filed a state habeas petition. (Resp. Lodged Doc. 3.) As the petition, which had no proof of service, was signed April 26, 2003, the court finds that the petition was filed on that date. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (the filing of a habeas petition may also be the date the petition is signed). Therefore, 54 days of the one-year limitation period had expired by the date petitioner filed his state habeas application. The petition was denied by the California Supreme Court on December 23, 2003. (Resp. Lodged Doc. 4.)

There is no dispute that petitioner properly filed his state habeas petition or that he was entitled to interval tolling–that is tolling of the statute of limitations, during the time that the petition was filed (April 26, 2004) to the time that the petition was denied (December 23, 2003). See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Accordingly, the one-year limitations period began to run again on December 24, 2003.

Petitioner filed his federal habeas application on December 12, 2004. As noted above petitioner expended 54 days of the one-year limitation period between the final decision of the Court of Appeal (March 2, 2003) and his filing of his state habeas application (April 26,

2003).  He then waited an additional 353 days after the California Supreme Court denied his habeas petition (December 23, 2003) until he filed the instant federal habeas petition (December 12, 2004).  Accordingly, petitioner filed his federal habeas petition 407 days after the date the state appeal process became final, which is well past the one-year limitation imposed by § 2244(d).  In other words, petitioner's one-year limitation period expired on October 30, 2004, but he did not file his federal petition until December 12, 2004.  Accordingly, the court finds that petitioner's federal application for a writ of habeas corpus is time barred.  See  28 U.S.C. § 2244(d)(1)(A).  Petitioner had not alleged that he is entitled to equitable tolling.

As the court finds that the petition is time barred, the court need not address respondent's arguments that petitioner has brought unexhausted claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss petitioner's habeas application with prejudice on the grounds that it was filed beyond the one year statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 10, 2007.

/s/ Craig M. Kellison
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE